The opinion of the court was delivered by
Manning, C. J.
The plaintiff, holding six promissory notes secured 'by mortgage, sued out executory process from the Fourth district court of Orleans against the mortgaged property, which belonged to the suc•cession of Frangois Philippe Boutté. The executors of that succession obtained an injunction, prohibiting the sale under that process upon •three grounds ;
1.That the plaintiff’s action via executiva is extinct, because she had already, proceeded via ordinaria, which latter is a peremptory bar •to the executory process.
2.That the proceeding via ordinaria is still pending, and the plea of lis pendens is interposed.
3.That the debt is prescribed.
The plaintiff moved to dismiss the injunction for the reason that the •executors had failed to give bond and security upon obtaining the writ. .The order granting that writ had dispensed them from giving any security under authority, it is said, of Code of Practice, arts. 739-40. The plaintiff insists that the authority, thus given to the judge to require no *113 surety, must be confined to the eight specific cases there enumerated, •and that debtors cannot be permitted to arrest a sale without security in any others, nor join other causes to those there enumerated in an injunction without surety.
We are earnestly pressed to pass upon the question thus presented to us, and we do not see how or why it should be avoided.
Ordinarily a party arresting a sale through an injunction must provide a means of indemnification to the creditor, whose process is stayed. There are eight causes, by alleging any one of which under oath, a debtor will be dispensed with giving surety for any damages his writ may occasion, but to guard against the injury which a prolonged suspension of the injoined process might occasion, the plaintiff in that process may require the judge to pronounce summarily on the merits of •the injunction. Code Rrac. art. 740. In singling out these eight causes from all others, and imparting to them a special quality, the Code must have intended that it should be exclusively their own, and it follows as a logical sequence that other causes cannot be associated with them, or one of them, and thus under cover of their or its protection obtain a boon or privilege which was refused to these others. Otherwise a debtor, whose reliance for a successful resistance to process rests upon grounds that require a surety, may by merely conjoining with them one of the veasons, for which surety is dispensed, obtain the advantages accorded alone to the latter. And this would be a palpable evasion of the law. If the debtor seeks to arrest the sale of his property for one or more of the specified reasons, upon alleging which under oath, the judge will not require surety, he must confine himself to those reasons if he wishes to avail himself of that privilege. If he prefers to strengthen his claim to relief by adding other reasons, there can be no objection to this cumulation of grounds for injunction, but he must give bond and surety ■as required under other provisions of the law regulating the issuing of those writs.
There were then good grounds for the motion to dissolve, or for restricting the party injoining to the introduction of evidence in support of the plea of prescription alone. Williamson v. Richardson, 30 Annual, 1163. The case is however before us on the merits, and all parties are ■interested in having a final decision. Interest reipublicw ut sit Unis ■litium.
It is undoubtedly true that if one, having a right to executory pro•cess, elects to pursue via ordinaria, he cannot abandon that and after-wards revert to the via executiva. But what is the alleged ordinary process in this case ? The executors had filed an' account, and had abstained from placing thereon the proceeds of the sale of this property which had been effected under a proceeding, the validity of which was *114 then in contestation, and they had also abstained from placing Mrs. Berens on their tableau of distribution as a mortgage creditor. She opposed the homologation of this account and tableau, and that is the alleged ordinary action. The sale which had been effected was annulled. Boutté v. Boutté, 30 Annual, 181. The proceedings in the probate court, upon the account and tableau, so far as concerned the distribution of the proceeds of that sale, necessarily were at an end upon the rendition of the decree annulling the sale from which the proceeds sprang. There-was therefore no lis pendens, and there bad not been any ordinary action upon the mortgage notes. The opposition of the mortgage creditor had for its object to prevent the homologation of a tableau which-failed to recognize the opponent’s mortgage rights, and did not prevent, the assertion of those rights in an action, either in the ordinary or executive form.
Let us endeavour to make this clearer. An account of an executor is merely a statement of the moneys he has received as assets of a succession on the one hand, and their disbursement by actual payments on the other. An opposition to such account may claim, that all the assets-which have been received are not placed upon it, or that some of the payments were illegal and unauthorized, and such like objections. A tableau of distribution is a statement of the funds received, or to be received, and their intended payment, where upon the one hand there-appear the funds to be distributed, and upon the other is the proposed distribution of them. An opposition to this may, like an opposition to-an account, claim that there are more funds, or ought to be more, in hand than are acknowledged,and besides that the proposed distribution of them is against law, violative of the ranks of different debts, etc. What is there in the nature of such oppositions that precludes the opponent from asserting her claims against the succession by a regular suit ?
The plea of prescription alone remains. It will be understood from-what we have already said that the motion to dissolve should have been sustained, or the plaintiff in injunction should have been confined to the consideration and support of that plea alone, since the injunction without bond could have been based only upon it. The plea is confessedly inapplicable to the larger part of the debt, and can affect only the note for 17,636.00, maturing August 14,1870. The time of payment was then, extended another year, and subsequently by seven several extensions to Dec. 18,. 1874. All of these extensions are written upon the back of the-note, and are signed by Berens but not by Boutte, and they all state-that the interest was paid in advance at each extension. Their admissibility to bind the deceased Boutté is denied under the act of 1858. Passing them over as evoking an unnecessary discussion in the presence of other testimony touching the interruption of prescription, we find the *115 plaintiff presenting her petition to the Court July 24,1875, representing herself as a creditor for this whole mortgage debt of over $23,000, which sum includes the note for $7,636, and praying the court to order the executors to furnish security for her claim, and they did execute a bond for $30,000. Four months before this, viz March 17, 1875, the executors presented a petition to the court, setting forth a list of the debts of the succession, upon which list the whole of this mortgage debt appeared as due to plaintiff, and prayed an order of sale to pay the debts thus acknowledged. Here were two interruptions of prescription within five years from the maturity of the note. It cannot be contended that Mrs. Berens was bound, if she would avoid prescription, to bring suit upon her notes and demand judgment thereon. The law not only fails to require parties having claims against successions to bring suit, but mulcts them in costs if they do bring suit where the representative of the succession has acknowledged the claim. Oode Prac. art. 984. Sue. Romero, 29 Annual, 493. The executors acknowledged the mortgage notes by a proceeding in court, wherein they included them in a classification of the succession debts, and asked leave of the court to alienate its property to pay them. The notes were not extinguished. Prescription was not acquired. Throwing out of the case all the payments of interest, and all the prolongations of maturity, this judicial proceeding by the executors was taken within five years from the maturity of this note on its. face. And they had already given security, at the instance of the-plaintiff and upon her judicial demand, for a sum based upon the whole-amount of her mortgage debt.
The French writers take this view of the demand which interrupts-prescription. Quelle difference y-a-t-il en effet entre une demandeformée en justice par citation lorsque les parties n’ont pas encore ouverfc la lice judiciaire, et une demande formée incidemment ou réconventionellement lorsque les parties sont en presence du juge? Les expressions de notre article, citation en justice, doivent done s’entendre d’une maniere large; il eut été plus exact de dire, une demande en justice. Troplong Prescription no. 562. Les expressions, citation en justice, doivent s’entendre d’une maniére large. Ellos s’appliquent átoute demande en justice. Merlin’s Repertoire, Prese, nos. 401 — 5.
It is also claimed on the part of the executors that the order of seizure and sale and all subsequent proceedings based upon it, are stricken with absolute nullity for want of jurisdiction in the Fourth court to issue such order against the property of a succession, and we are referred to two decisions as directly in point. Poutz vs. Bisles, 15 Annual, 636 and Wisdom v. Buckner, recently decided and not yet final. The first case ruled that when an order of sale of succession property for the payment of debts had been made by the Second Court of Or *116 leans, a subsequent order of seizure and sale granted by one of the other courts against the same property was. in conflict with the jurisdiction already assumed by the Second court, and therefore irregular. The second case decided that the Second court could issue an order of seizure and sale against succession property, and reviewed the previous conflicting decisions upon that power, but expressly and in unmistakeable language announced that, although there had been contrariety of opinion touching the power of the Second court in that particular, it had never been doubted since Boguille v. Faille, 1 Annual, 204 that the courts of ordinary jurisdiction could issue executory process against the property of successions.
Lastly, the executors urge that the notes being prescribed on their face, no. order of seizure and sale could issue without the production of authentic evidence before the judge of the interruption of prescription. We have disposed of that objection heretofore. Williamson v. Richardson, 30 Annual, 1163.
The lower court dissolved the injunction with costs. We are asked to allow damages. The plaintiff’s notes bear interest, and five per centum upon their amount was properly allowed as attorney’s fees, stipulated in the mortgage. The injunction was provoked by representations of a succession. It is not alleged, ncr is it apparent, that they have any personal interest to subserve by this action. We must presume and believe that they were endeavouring merely to protect the interests of the succession, and we will not therefore inflict damages.
Judgment affirmed.
Rehearing refused.